THE HONORABLE DAVID G. ESTUDILLO

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| GERARDO BAEZ GARCIA, LUKE LOPEZ and ROWDY PAYNE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER CONCRETE CONSTRUCTION, INC., a Washington for profit Corporation in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 3:26-cv-06146<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiffs Gerardo Baez Garcia, Luke Lopez, and Rowdy Payne (collectively, "Plaintiffs"), by Plaintiffs' undersigned counsel, bring this amended class action complaint against Caliber Concrete Construction, Inc., and any respective subsidiaries or affiliated companies within the State of Washington (collectively, with DOES 1 through 100, as further defined below, "Defendants"), and allege as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against their Washington State hourly-paid or non-exempt employees. These abuses include: (1) failing to pay all minimum wages to employees for all hours worked; (2) failing to provide employees with the rest breaks to which they are entitled; (3) failing to provide employees with the meal periods to



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

which they are entitled; and (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek. Defendants deliberate and willful failure to pay their employees their earned wages violates Washington State law.

1.2 Plaintiffs and the Class Members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under Washington State law to recover unpaid wages owed to Plaintiffs and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. This action was originally filed in the Superior Court of Washington for Pierce County on August 18, 2026, and was subsequently removed to this Court by Defendants on September 21, 2026. Defendants removed this matter on the basis of original federal jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185. Despite Defendants' assertions, Plaintiffs maintain that the independent Washington State wage claims pled below do not "arise from" or otherwise substantially rely on an interpretation of any collective bargaining agreement that would implicate the LMRA.

2.2 Venue. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a) because this Court is the federal judicial district and division embracing the Pierce County Superior Court, where this action was originally commenced and from which it was removed.

2.3 Governing Law. The claims asserted on behalf of Plaintiffs and the Class Members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington State law.



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

## III. PARTIES

3.1 Plaintiff Gerardo Baez Garcia: Plaintiff Gerardo Baez Garcia is a former resident of Washington State and current resident of Mexico. Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as an hourly-paid concrete mason, with duties that included, but were not limited to, pouring concrete, curb and gutter work, constructing accessibility ramps, loading heavy materials, and performing concrete work for cities and school districts throughout Washington. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Baez Garcia lived in Washington State and worked for Defendants from approximately June 2023 through February 2026.

3.2 Plaintiff Luke Lopez: Plaintiff Luke Lopez is a resident of Washington State. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as an hourly-paid concrete mason, with duties that included, but were not limited to, building concrete forms, pouring concrete, and performing concrete work for cities and school districts throughout Washington. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Lopez worked for Defendants from approximately August 2023 through May 2025.

3.3 Plaintiff Rowdy Payne: Plaintiff Rowdy Payne is a resident of Washington State. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as an hourly-paid lead finisher, with duties that included, but were not limited to, building concrete forms and pouring concrete. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Payne worked for Defendants from approximately March 2018 through December 2024.



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

3.4 Defendant Caliber Concrete Construction, Inc. Plaintiffs are informed and believe, and based thereon allege, that Defendant Caliber Concrete Construction, Inc. is, and at all times relevant hereto was, a for-profit corporation organized and existing under and by virtue of the laws of the State of Washington and doing business in Pierce County. Plaintiffs are further informed and believe, and based thereon allege, that Defendants maintains at least two locations in Pacific and Edgewood, Washington.

3.5 Defendants DOES 1 through 100. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

3.6 Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to “Defendants,” it shall include Caliber Concrete Construction, Inc., and any of its parent, subsidiary, or affiliated companies within Washington State, and DOES 1 through 100 identified herein.

## IV. JOINT LIABILITY ALLEGATIONS

4.1 Plaintiffs are informed and believe, and based thereon allege, that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer,



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

representative, joint venture or co-conspirator of each of the other Defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

4.2 All of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporations respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

4.3 As a result, Plaintiffs are informed and believe, and thereon allege that Defendants, and each of them, are joint employers.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against their hourly-paid or non-exempt employees in the State of Washington.

5.2 Defendants knew or should have known Plaintiffs and Class Members were entitled to receive wages for all time worked, including regular and overtime wages. Plaintiffs are informed and believe, and thereon allege, Defendants failed to pay Plaintiffs and Class Members all wages owed for work required to be performed in violation of Washington State wage and hour laws.

5.3 Defendants maintained a practice and/or policy of failing to track all minutes



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

actually worked by Plaintiffs and Class Members and failing to pay Plaintiffs and Class Members for all minutes worked at their proper rates of pay. Defendants engaged, suffered, and in some instances coerced Plaintiffs and Class Members to work off the clock, including, without limitation, by requiring Plaintiffs and Class Members to complete pre-shift tasks before their workdays were scheduled to begin and post-shift tasks after their workdays were scheduled to conclude.

5.4 By way of example, Caliber Concrete Operational Manager Rob Reeves ("Mr. Reeves") directed Plaintiffs and Class Members to arrive to work between 4:30 a.m. and 5:30 a.m. every day to clean company trucks, load the trucks, and prepare materials, but Defendants did not pay them for that time. Defendants also required Plaintiffs and Class Members to drop company trucks off at Caliber Concrete's shop, located in Pacific, Washington, at the conclusion of their shifts, sometimes adding an extra two to three hours to their workdays that went unpaid.

5.5 Despite requiring Plaintiffs and Class Members to complete several hours of off-the-clock work each day, Defendants instructed the foreman to record only employees' designated shift times of 7:00 a.m. to 3:00 p.m. regardless of how many additional hours Plaintiffs and Class Members actually worked that day. Defendants' deceptive time-keeping practices enabled Defendants to conceal hours of undocumented labor and withhold regular and overtime wages each week, thus resulting in the systemic underpayment of Plaintiffs and Class Members.

5.6 Defendants' systemic underpayment of Plaintiffs for off-the-clock work is directly reflected by the Plaintiffs' weekly paystubs. Upon information and belief, Plaintiffs estimate that Defendants' pre-shift and post-shift work requirements extended their work weeks by at least 10-14 hours each week. According to Defendants' pay records, Plaintiffs worked an average of 38 hours per work week. Thus, had Plaintiffs' off-the-clock work been adequately documented,



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

Defendants' pay records would reflect that Plaintiffs worked an average of roughly 48 hours per work week (with 8 hours of overtime). Instead, Defendants' pay records erroneously suggest that Plaintiffs did not regularly work overtime and when they did, it was a mere 2-3 hours of overtime per week.

5.7 By way of example, despite Plaintiff Baez Garcia working overtime almost every week of his employment with Defendants, his paystubs from August 2023 through August 2024 erroneously reflect that he worked overtime only 17 weeks out of the year. Of those weeks, Plaintiff Baez Garcia's pay reflects an average of only 2-3 hours of overtime each week, including for example 41.50 hours the week of September 21, 2023, 42 hours the week of October 26, 2023, 43 hours the week of June 20, 2024, and 42.50 hours of overtime the week of August 29, 2024.

5.8 This same is true of Plaintiff Lopez's paystubs. Between August 2023 and August 2024, Plaintiff Lopez's pay stubs erroneously reflect that he worked overtime only 13 weeks out of the year, including for example 43 hours the week of September 14, 2023, 43.50 hours the week of October 5, 2023, 43.50 hours the week of June 13, 2024, 43 hours the week of June 20, 2024, and 43 hours the week of June 27, 2024.

5.9 Finally, Plaintiff Payne, upon information and belief, is estimated to have worked the most overtime hours among the three named Plaintiffs, due to his role as a lead concrete finisher. Nevertheless, his paystubs erroneously reflect that he worked overtime only 18 weeks between August 2023 and August 2024, including for example 43 hours the week of September 14, 2023, 42 hours the week of November 2, 2023, 42.50 hours the week of February 8, 2024, 43 hours the week of March 28, 2024, 42.50 hours the week of May 9, 2024, 41 hours the week of June 13, 2024, and 41.50 hours the week of July 3, 2024.



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

5.10 In addition to engaging in a common course of failing to pay Plaintiffs and Class Members all minimum wages for all hours worked, Defendants also engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class Members during workweeks in which undocumented off-the-clock work extended the workweek beyond forty (40) hours.

5.11 Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a full ten-minute, off-duty, paid, and uninterrupted rest break for every four (4) hours worked, and that no employee could be required to work more than three (3) consecutive hours without a rest break. Yet, Defendants failed to authorize and permit Plaintiffs and Class Members to take legally compliant rest breaks and failed to provide compensation for such missed rest breaks as required by Washington State wage and hour laws.

5.12 Defendants regularly denied Plaintiffs and Class Members lawful rest periods by, without limitation, failing to provide rest breaks altogether; failing to provide a suitable break area; and failing to provide cool down periods in temperatures exceeding 90 degrees. Plaintiffs, and, upon information and belief, Class Members, were required to work the entirety of their shifts without legally mandated rest breaks and were told that rest breaks were not permitted because the concrete would harden if left unattended. As a result, Plaintiffs, and, upon information and belief, Class Members, were ordered to attend to concrete for hours on end with no designated rest break areas.

5.13 Additionally, Plaintiffs and, upon information and belief, Class Members, were forced to forgo their breaks even in extreme weather conditions, with Defendants forcing Plaintiffs to attend to molten concrete in 100+ degree weather with no opportunity to cool down or access shade during the summer months. Defendants directed Plaintiffs and Class Members to work through the heat even after they began experiencing heat-related symptoms, such as heat-



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

stroke.

5.14 For example, in or around August of 2023, Plaintiff Luke Lopez began experiencing symptoms of heat-stroke while pouring concrete on a 100-degree day. Despite telling the foreman multiple times that he was not feeling well, he was not permitted to take a rest break. After walking off the worksite to avoid passing out, the foreman reprimanded and screamed at Plaintiff Lopez.

5.15 Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a full, timely thirty (30) minute and duty-free uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, yet failed to provide Plaintiffs and Class Members with legally compliant meal periods, and failed to provide compensation for such missed meal periods as required by Washington State wage and hour laws.

5.16 By way of example, Defendants regularly denied Plaintiffs and Class Members lawful meal periods by, without limitation, failing to provide meal periods altogether; interrupting designated meal periods; and publicly retaliating against employees who attempted to take meal breaks to which they were entitled. Specifically, Plaintiffs, and upon information and belief, Class Members, were told by the foreman that meal breaks were not permitted because the concrete would harden if left unattended. As a result, Plaintiffs and other Class Members either had to skip meals altogether or eat while attending to pouring concrete.

5.17 Moreover, Defendants intimidated Plaintiffs and, by information and belief, Class Members, by publicly reprimanding employees who attempted to take meal breaks to which they were entitled. For example, on one occasion, Mr. Reeves publicly fired an employee who



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

attempted to go eat lunch in their car during their shift. Following this incident, Plaintiffs and, upon information and belief, Class Members felt that they could not safely attempt to take meal breaks out of fear they too would be fired.

5.18 Separate and apart from Plaintiffs and Class Members' uncompensated off-the-clock claims for regular and overtime wages, Defendants have also engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class Members during workweeks in which missed rest breaks and/or meal periods extended the workweek beyond forty (40) hours.

5.19 Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of WAC 296-126-040. Plaintiffs are informed and believe, and thereon allege, that Defendants failed to furnish Plaintiffs and Class Members with itemized wage statements that accurately reflect the pay basis, rate or rates of pay, gross wages, and all deductions for that pay period pursuant to WAC 296-126-040. Specifically, Plaintiffs and, by information and belief, Class Members, had to track their own hours after the foreman refused to furnish documentation of their actual hours worked. As a result thereof, Defendants failed to furnish employees with an accurate calculation of gross pay and gross wages earned, as well as gross and net wages paid.

5.20 Under Washington State law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.040(3). Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class Members worked each day or the total hours they worked each week.

5.21 Defendants had actual or constructive knowledge of the facts set forth above.



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

## VI. CLASS ACTION ALLEGATIONS

6.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Caliber Concrete Construction, Inc., in the State of Washington at any time during the period from three years preceding August 18, 2026, to the final disposition of this action.

Excluded from the Class are any entities in which any Defendant has a controlling interest or which has a controlling interest in any other Defendant, and any of Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. All the members of the class are collectively referred to as "Class Members."

6.2 Numerosity. The Class is so numerous that joinder of all Class Members is neither feasible nor practical. The membership of the classes is unknown to Plaintiffs at this time. However, based on Plaintiffs' investigation, and on information and belief, the number of class members is reasonably estimated to be at least several dozen individuals. The identity of Class Members is readily ascertainable from Defendants' employment records.

6.3 Commonality. There are numerous questions of law and fact common to the Representative Plaintiffs and the Class Members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class Members for all work actually performed;

b. Whether Defendants have engaged in a common course of failing to provide



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

Plaintiffs and the Class Members with a ten-minute rest break for every four hours of work;

c. Whether Defendants have engaged in a common course of requiring Plaintiffs and the Class Members to work more than three consecutive hours without a rest break;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiffs and the Class Members working in temperatures exceeding 90 degrees with adequate cool-down rest periods.

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiffs and the Class Members have received the rest breaks and cool-down periods to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to provide Plaintiffs and the Class Members with a thirty-minute meal period for every five hours of work;

g. Whether Defendants have engaged in a common course of failing to ensure that Plaintiffs and the Class Members have received all meal periods to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to pay Plaintiffs and the Class Members all overtime wages to which they are entitled;

i. Whether Defendants have failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiffs and the Class Members;

j. Whether Defendants have willfully deprived Plaintiffs and the Class Members of the wages to which they were entitled;

k. Whether Defendants have violated RCW 49.46.020;

l. Whether Defendants have violated RCW 49.46.090;

m. Whether Defendants have violated RCW 49.12.020;



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

n. Whether Defendants have violated WAC 296-126-092;

o. Whether Defendants have violated WAC 296-62-09547;

p. Whether Defendants have violated RCW 49.46.130;

q. Whether Defendants have violated RCW 49.52.050(2); and

r. The nature and extent of class-wide injury and the measure of compensation for such injury.

6.4 Typicality. Plaintiffs' claims are typical of the claims of the members of the Class because Defendants employed Plaintiffs as hourly-paid employees in the State of Washington. The claims of Plaintiffs, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5 Adequacy. Plaintiffs will fairly and adequately protect the interest of the Class. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

6.6 Superiority. Class action adjudication is superior to the other methods of adjudication for at least the following reasons:

a. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

b. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

c. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiffs and their attorneys will vigorously pursue the claims on behalf of the Class Members.

d. A class action will be an efficient method of adjudicating the claims of the Class Members.

6.7 Public Policy Considerations. Employers in Washington State regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Further, employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while protecting their privacy.

6.8 Predominance. Defendants have engaged in a common course of wage and hour abuse against Plaintiffs and Class Members by systematically and consistently requiring Plaintiffs and Class Members to engage in uncompensated off-the-clock work and denying Plaintiffs and Class Members the meal and rest breaks to which they are entitled. The common issues arising from this conduct that affect Plaintiffs and Class Members predominate over any individual issues.

## VII. INDIVIDUAL ALLEGATIONS

### A. Defendants Retaliated Against Plaintiff Rowdy Payne for Engaging in Protected Activity.

7.1 In or around Fall of 2024, Plaintiff Rowdy Payne confronted his manager, Mr. Reeves,



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

about not being compensated for overtime and off-the-clock work in violation of Washington State law. In response, Mr. Reeves grew increasingly angry with Plaintiff Payne and informed him that he would “no longer be permitted to use Caliber Concrete trucks” to drive to and from job sites each day.

7.2 When Plaintiff Payne returned to work the following day, he was informed by Caliber Concrete Superintendent Rick Dolan (“Mr. Dolan”) that Plaintiff Payne would have to use his personal vehicle to drive to and from the job sites, and that failure to do so would result in his termination.

7.3 At this same time, Plaintiff Payne was suddenly reassigned to distant job sites in the northern end of the state, thus requiring him to drive nearly 100 miles between jobsites without being reimbursed for doing so. Upon information and belief, Defendants required Plaintiff Payne to drive this route in his personal vehicle for nearly one week.

7.4 Following this incident, Defendants began drastically decreasing Plaintiff Payne’s hours, cutting his average work week from 40 or more hours throughout 2024, to an average of merely 23 hours per week beginning in or around October 24, 2024.

7.5 Defendants’ continued reduction of Plaintiff Payne’s hours led him to eventually quit the job. His last week of work was in or around December 26, 2024.

7.6 Plaintiff Payne suffered both economic and noneconomic harm as a result of Defendants’ retaliation against him. Defendants’ illegal actions were intended to cause, and did cause, Plaintiff Payne emotional distress, anxiety, humiliation, loss of income, and loss of enjoyment of life.

## VIII. FIRST CLAIM FOR RELIEF

**(Violation of RCW 49.46.020 and RCW 49.46.090 – Payment of Wages Less Than Entitled)**



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

**(brought on behalf of Plaintiffs and the Class)**

8.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

8.3 By forcing Plaintiffs and Class Members to engage in hours of uncompensated off-the-clock work each day, Defendants have violated the provisions of RCW 49.46.090.

8.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## IX. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020, WAC 296-126-092, and WAC 296-62-09547 – Failure to Provide Rest Breaks)**

**(brought on behalf of Plaintiffs and the Class)**

9.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

9.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest breaks during their shifts.

9.6 WAC 296-62-09547 provides that employees shall be allowed mandatory cool-down rest periods for when temperatures are at or above 90 degrees Fahrenheit.

9.7 Under Washington State law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

9.8 Under Washington State law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

9.9 Under Washington State law, Defendants have an obligation to ensure that outdoor employees have access to preventative cool-down rest periods in temperatures exceeding 90 degrees.

9.10 Under Washington State law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

9.11 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, WAC 296-126-092, and WAC 296-62-09547.

9.12 As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

(but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## X. THIRD CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)**

**(brought on behalf of Plaintiffs and the Class)**

10.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

10.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

10.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

10.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

10.6 Under Washington State law, Defendants have an obligation to provide employees with the meal periods to which they are entitled.

10.7 Under Washington State law, Defendants have an obligation to ensure that



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

employees receive the meal periods to which they are entitled.

10.8 Under Washington State law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal period.

10.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

10.10 As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XI. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**

**(brought on behalf of Plaintiffs and the Class)**

11.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

11.3 By failing to pay Plaintiffs and Class Members overtime wages for those weeks in which their off-the-clock work extended the work week beyond forty (40) hours, as well as for those weeks in which missed meal and rest breaks extended the work week beyond forty (40) hours, Defendants have violated the provisions of RCW 49.46.130.

11.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

(but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## XII. FIFTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

**(brought on behalf of Plaintiffs and the Class)**

12.1 Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

12.3 Defendants' violations of RCW49.46.020, RCW 49.46.090, RCW 49.12.020, WAC 296-126-092, WAC 296-62-09547, and RCW 49.46.130 were willful and intentional and constitute violations of RCW 49.52.050.

12.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld or exemplary damages, attorneys' fees, and costs.

12.5 As a result of Defendants' unlawful actions, Plaintiffs and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to recovery of twice such damages or exemplary damages, including interest thereon, as well as attorneys' fees under RCW 49.52.070, and costs.

/ /



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

## XIII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.58.040(2) – Retaliation in Violation of the Washington Equal Pay and Opportunities Act)**

**(brought on behalf of Plaintiff Rowdy Payne individually)**

13.1 Plaintiff realleges and reincorporates each and every allegation set forth in the preceding paragraphs.

13.2 Pursuant to the Washington Equal Pay and Opportunities Act ("EPOA"), it is unlawful for an employer "to discharge or in any other manner retaliate against an employee for," among other things, inquiring about or otherwise discussing their own wages or asking an employer to provide a reason for the employee's wages. RCW 49.58.040(2).

13.3 The EPOA defines compensation as "discretionary and nondiscretionary wages and benefits provided by an employer to an employee as a result of the employment relationship." RCW 49.58.010.

13.4 Plaintiff Payne's inquiry to Defendants' management regarding owed regular and overtime wages constituted protected activity under RCW 49.58 *et seq*.

13.5 Defendants' retaliatory conduct began exactly one day after Plaintiff engaged in protected activity. As such, the temporal proximity between Plaintiff's protected activity and Defendants' adverse action gives rise to a presumption of retaliation.

13.6 Plaintiff Payne's independent state-law claim for violations of Washington's EPOA touches upon Washington's "deeply rooted local concern" of preventing retaliation against Washington employees who assert claims for wage violations, and thus does not interfere with any federal scheme or require preemption by federal laws. *See Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 665 (1994).



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

13.7 By reason of Defendants' violation of RCW 49.58.040(2). and pursuant to RCW 49.58.070, Plaintiff is entitled to the greater of actual damages or $5,000.00 in statutory damages, interest on all compensation owed, attorneys' fees, costs, reinstatement, and injunctive relief.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendants as follows:

A. Certify the proposed Class;

B. Appoint Plaintiffs as Class representatives;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington State law;

E. Award Plaintiffs and the Class Members compensatory and exemplary damages;

F. Award Plaintiff Payne individual statutory damages in the amount of $5,000.00 or actual damages to be determined at trial, whichever is greater, pursuant to RCW 49.58.070, plus interest;

G. Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;

H. Award pre-judgment and post-judgment interest to Plaintiffs and the Class Members, as provided by law; and

I. Grant such other and further relief and this Court deems just and proper.

/ /

/ /

/ /

/ /



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

DATED this 19th day of October, 2026.

**BIBIYAN LAW GROUP, P.C.**

By: */s/ Alexis E. Hanson*

Alexis E. Hanson, WSBA No. 64041
Cassandra W. Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Adarsh N. Parthasarathy, WSBA No. 62319
**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Fax: (206) 225-2067
*ahanson@tomorrowlaw.com*
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*
*aparthasarathy@tomorrowlaw.com*

*Attorneys for Plaintiffs*