The Honorable David G. Estudillo
Note for Hearing: October 26, 2026
Oral Argument Requested

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERARDO BAEZ GARCIA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER CONCRETE CONSTRUCTION, INC., a Washington limited liability company;<br><br>Defendant. | Case No. 3:26-CV-06146-DGE<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR: OCTOBER 26, 2026<br><br>ORAL ARGUMENT REQUESTED |

## I. **INTRODUCTION**

Plaintiff has not filed an Opposition to Plaintiff's Motion to Dismiss. Instead, Plaintiff filed his First Amended Class Action Complaint for Damages and Injunctive Relief on October 19, 2026. See Dkt. 9. In the Amended Complaint, Plaintiff has withdrawn his claim under RCW 49.48.010 (failure to pay all wages due at termination) and added individual plaintiffs plus their individual claims to this putative class action. The issue of dismissing the RCW 49.48.010 claim is now moot.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Plaintiff has *not* withdrawn his claims based on failure to provide meal breaks and failure to comply with Washington Industrial Health and Safety Act (WISHA) high heat procedures (WAC 296-62-09547). These defective claims continue to exist in the Amended Complaint and thus the Court should grant Plaintiff's Motion to Dismiss with respect to these remaining claims.

## II. <u>REPLY</u>

### A. <u>Plaintiff's Amended Complaint</u>

On October 19, 2026, Plaintiff filed the Amended Complaint. Dkt. 9. The amended complaint joined two additional class representatives (Plaintiffs Luke Lopez and Rowdy Payne) and asserted additional allegations regarding off-the-clock work for all the class representatives. Dkt. 9 at ¶¶ 5.4 – 5.9. In addition, the Amended Complaint asserted new *individual* claims for Plaintiff Rowdy Payne based on Washington's Equal Pay and Opportunities Act (EPOA), RCW 49.58.040. Dkt. 9 at ¶¶ 7.1 – 7.6 and ¶¶ 13.1 – 13.7.[1]

The Amended Complaint no longer includes any claim based on RCW 49.48.010 (failure to pay all wages due at termination), which was Claim 5 from the original Complaint. However, the Amended Complaint *still includes* claims based on alleged failure to provide meal breaks. In Section X's Third Claim for Relief, the Amended Complaint continues to assert Defendant failed to provide meal periods pursuant to RCW 49.12.020 and WAC 296-126-092. Dkt. 9 at ¶¶ 10.1 – 10.10.

Moreover, the Amended Complaint's Fourth Claim for Relief (failure to pay overtime wages under RCW 49.46.130) continues to derive from Plaintiff's meal break allegations. As stated in Paragraph 11.3, Plaintiff asserts "[by] failing to pay Plaintiffs and Class Members

---

[1] Defendant questions whether these new individual class representatives with their individual claims will fairly and adequately protect the interests of the class. That is, do these newly joined class representatives' individual claims create incentives to compromise the class claims? Defendant also questions whether these new claims are typical and/or create a predominance problem for the class under Fed. R. Civ. Proc. 23.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

overtime wages for those weeks in which their off-the-clock work extended the work week beyond forty (40) hours, as well as for those weeks in which missed meal and rest breaks extended the work week beyond forty (40) hours, Defendant have violated the provisions of RCW 49.46.130." Dkt. 9 at ¶ 11.3 (emphasis added). Similarly, Plaintiff's Fifth Claim for Relief (willful refusal to pay wages under RCW 49.52.050) also relies on and derives from alleged missed meal periods: "Defendants' violations of RCW 49.46.020, RCW 49.46.090, RCW 49.12.020, WAC 296-126-092, WAC 296-62-09547, and RCW 49.46.130 were willful and intentional and constitute violations of RCW 49.52.050." Dkt. 9 at ¶ 12.3 (emphasis added).

Finally, Plaintiff's Amended Complaint also continues to assert in the Second Claim for Relief a direct claim based on WISHA's high heat procedures regulations under WAC 296-62-09547. Dkt. 9 at ¶¶ 9.6 and 9.11. Just as with the alleged meal break violations, the Amended Complaint's overtime and willful refusal to pay wages claims are derived in part from the alleged violation of the WISHA regulation. *See* Dkt. 9 at ¶¶ 11.3 and 12.3.

In summary, the original defective claims based on missed meal breaks and high heat procedure violations continue to exist in the new Amended Complaint, yet Plaintiff has failed to file any Opposition to Defendant's Motion to Dismiss.

B. Meal Break and WISHA Based Claims Should Be Dismissed.

The Amended Complaint continues to carry the same defective allegations that warrant dismissal under Rule 12(b)(6). Identical meal break and WISHA claims carry over and have not been withdrawn by Plaintiff. Where a new pleading contains the same defects that were raised and addressed in a pending Rule 12(b)(6) Motion, the Court should still consider that Rule 12(b)(6) Motion as applying to the new pleading. *See Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023) (defendant should not be required to file a new motion to dismiss simply



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

because plaintiff filed an amended complaint while the motion to dismiss was pending). In *Zimmerman*, the Court declined to moot Defendants' Rule 12(b)(6) Motion to Dismiss and considered the motion on the merits, granting partial dismissal of some of Plaintiffs' claims. *Id*.

Here, the Amended Complaint's meal break and WISHA claims are identical to those plead in the original Complaint. Defendant seeks a partial dismissal of these specific meal break and WISHA allegations rather than a wholesale dismissal of all claims. Defendant's preemption arguments based on Section 301 of the Labor Management Relations Act (LMRA) apply to Plaintiffs' Amended Complaint. As briefed in Defendant's Motion to Dismiss, RCW 49.12.187's construction industry exception and Section 301 of the LMRA require deference to the applicable collective bargaining agreement. Plaintiffs' Third Claim for Relief (failure to provide meal periods) should be dismissed along with all wage claims derived from alleged denied meal periods. In addition, Plaintiffs' direct claim for relief based on WISHA's high heat procedures (WAC 296-62-09547) should also be dismissed as there is no private right of action based on that regulation.

## III. <u>CONCLUSION</u>

Defendant requests the Court dismiss with prejudice Plaintiffs' Third Claim for Relief (failure to provide meal periods) and all derivative claims for unpaid wages (First Claim for Relief – payment of wages less than entitled, RCW 49.46 et seq.), unpaid overtime (Fourth Claim for Relief – failure to pay overtime wages, RCW 49.46.130), and willful refusal to pay wages (Fifth Claim for Relief – willful refusal to pay wages, RCW 49.52.050) to the extent these additional wage claims are based on meal period violations. Defendant also requests the Court dismiss with prejudice Plaintiff's claims based on alleged violations of WISHA's high heat procedures under WAC 296-62-09547.

Dated: Tuesday, October 27, 2026



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Respectfully submitted,

SEBRIS BUSTO JAMES

*s/Darren A. Feider*
Darren A. Feider, WSBA #22430
dfeider@sbj.law

*s/Han Lee*
Han Lee, WSBA #39576
hlee@sbj.law

15375 SE 30th Pl., Suite 310
Bellevue, Washington 98007
(425) 454-4233

*Attorneys for Defendant*

I certify that this memorandum contains 1,063 words in compliance with the Local Civil Rules.