The Honorable David G. Estudillo
Note for Hearing: November 30, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERARDO BAEZ GARCIA, LUKE LOPEZ, and ROWDY PAYNE, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER CONCRETE CONSTRUCTION, INC., a Washington for profit corporation, and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No. 3:26-CV-06146-DGE<br><br>DEFENDANT'S SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>NOTE ON MOTION CALENDAR:<br><br>NOVEMBER 30, 2026 |

## I. RELIEF REQUESTED

Defendant moves to dismiss Plaintiffs' meal break claims (Claim 3) and all related wage claims (Claims 1, 4, and 5) to the extent they derive from Plaintiffs' meal break claims. In addition, Defendant similarly moves to dismiss Plaintiffs' claims based on the Washington Industrial Safety and Health Act (WISHA) regulation under WAC 296-62-09547 (high heat procedures). These claims fail as a matter of law for two independent reasons. First, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely preempts Plaintiffs' state-law claims. Plaintiffs' employment was governed by a collective bargaining agreement with Defendant, an employer in the "construction trades" as defined by RCW 49.12.187, and resolution of these claims requires application or interpretation of that collective bargaining agreement.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Defendant requests that the Court dismiss (1) the preempted claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) and (2) the Washington's high-heat regulations, WAC 296-62-09547, claim because those regulations do not provide for a private right of action.

## II. BACKGROUND

### A. Plaintiffs and the Amended Complaint.

On August 18, 2026, Plaintiff Gerardo Garcia filed a Class Action Complaint for Damages and Injunctive Relief (Cause No. 26-2-11044-7) against Defendant Caliber Concrete Construction, Inc. ("Caliber") in Pierce County Superior Court in Washington State. Dkt. 1, Ex. 1. Plaintiff alleged that he was a non-exempt employee, having worked as a cement mason for Caliber from June of 2023 to February of 2026. Complaint ¶ 3.1. Defendant removed the case to the Western District on September 21, 2026, based on original federal jurisdiction under Section 301 of the LMRA. On September 28, 2026, Defendant filed a Motion to Dismiss Plaintiff's meal break related claims, WISHA claims, and failure to pay all wages due at termination claims. Dkt. 7.

In response, Plaintiff filed his First Amended Class Action Complaint for Damages and Injunctive Relief on October 19, 2026 (the "Amended Complaint"). Dkt. 9. The Amended Complaint joins two additional class representatives (Plaintiffs Luke Lopez and Rowdy Payne) and asserts additional allegations regarding off-the-clock work for all the class representatives. Dkt. 9 at ¶¶ 5.4–5.9. In addition, the Amended Complaint asserted new *individual* claims for Plaintiff Rowdy Payne based on Washington's Equal Pay and Opportunities Act (EPOA), RCW 49.58.040. Dkt. 9 at ¶¶ 7.1–7.6 and ¶¶ 13.1–13.7. Based on Plaintiffs' filing of the Amended Complaint, the Court dismissed as moot Defendant's pending Motion to Dismiss. Dkt. 11.

The Amended Complaint no longer includes any claim based on RCW 49.48.010 (failure to pay all wages due at termination). However, the Amended Complaint *still includes* claims based on alleged failure to provide meal breaks. In Section X's Third Claim for Relief, the Amended Complaint continues to assert Defendant failed to provide meal periods pursuant to RCW 49.12.020 and WAC 296-126-092. Dkt. 9 at ¶¶ 10.1–10.10.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

The Amended Complaint's Fourth Claim for Relief (failure to pay overtime wages under RCW 49.46.130) continues to derive from the meal break allegations. As stated in Paragraph 11.3, Plaintiffs assert "[by] failing to pay Plaintiffs and Class Members overtime wages for those weeks in which their off-the-clock work extended the work week beyond forty (40) hours, <u>as well as for those weeks in which missed meal and rest breaks extended the work week beyond forty (40) hours</u>, Defendant have violated the provisions of RCW 49.46.130." Dkt. 9 at ¶ 11.3 (emphasis added). Similarly, Plaintiffs' Fifth Claim for Relief (willful refusal to pay wages under RCW 49.52.050) also relies on and derives from alleged missed meal periods: "Defendants' violations of RCW 49.46.020, RCW 49.46.090, <u>RCW 49.12.020, WAC 296-126-092 [i.e., the rest and meal break regulation]</u>, WAC 296-62-09547, and RCW 49.46.130 were willful and intentional and constitute violations of RCW 49.52.050." Dkt. 9 at ¶ 12.3 (emphasis added).

Finally, Plaintiffs' Amended Complaint also continues to assert in the Second Claim for Relief a direct claim based on WISHA's high heat procedures regulations under WAC 296-62-09547. Dkt. 9 at ¶¶ 9.6 and 9.11. Just as with the alleged meal break violations, the Amended Complaint's overtime and willful refusal to pay wages claims are derived in part from the alleged violation of the WISHA regulation. *See* Dkt. 9 at ¶¶ 11.3 and 12.3.

B. <u>Defendant Caliber Concrete Construction, Inc</u>.

Caliber is a construction firm and general contractor, providing cement/concrete construction services for a variety of commercial projects. Dkt. 1 at ¶ 6. Caliber is in the "construction trades" pursuant to RCW 49.12.187(1), and at all relevant times herein, it has been and is a company engaged in commerce and is in an industry affecting commerce within the meaning of Section 2(2), 2(6), and 2(7) of the National Labor Relations Act (*see* 29 U.S.C § 152(2), (6), and (7)) of the NLRA and Section 301(a) of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185(a)). Dkt. 1 at ¶ 7. Caliber's status as a union construction contractor means that Plaintiffs' meal break claims should be dismissed as set forth below due to the so called "construction industry exception" under RCW 49.12.187.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

C. The Collective Bargaining Agreement.

Caliber negotiated and entered into a collective bargaining agreement (the "CBA") with the Western Washington Cement Masons Local 528 (the "Union"). Dkt. 1 at ¶ 8; Declaration of Matt Laukala in Support of Defendant's 2nd Motion to Dismiss ("Laukala Decl.") at ¶ 3, Exs. A and B. Caliber entered into collective bargaining agreements with different unions that should cover the claims asserted for the putative class members in the Complaint. Laukala Decl. at ¶ 4, Exs. C-E.

The cement mason CBA at-issue contains detailed provisions regarding meal periods, wages, overtime, and hours, as well as provisions requiring employees to grieve and arbitrate "[i]n the event a dispute arises on the job…" Laukala Decl. at ¶3, Exs. A and B (Article 4, Grievance Procedure; Article 9, Meal Periods and Sick Leave; Article 10, Termination and Payday). The text of Articles 4, 9, and 10 are identical between the 2021-2024 and 2024-2028 collective bargaining agreements. *See id*. Article 4 of the CBA outlines a detailed four-step mandatory grievance process whereby the parties first attempt direct settlement through authorized representatives, then attempt resolution through the Board of Conciliation, then engage in mediation, and finally, go through arbitration. The question of whether Caliber provided compliant meal periods and appropriately compensated Plaintiffs hinges on the interpretation of Article 9 (Meal Periods and Sick Leave) of the CBA. Article 9 provides:

SECTION 1. MEAL PERIOD

A. Employees shall not be required to work more than five (5) hours from the start of the shift without at least a one-half (1/2) hour break for lunch. This lunch period shall not begin earlier than three and one-half (1/2) hours after the start of the shift. If they are required to work past five (5) hours, one-half (1/2) hour at the applicable overtime rate shall be added to the hours worked and they must then be allowed time to eat their lunch. If not allowed to eat their lunch, employees will be paid and additional one-half (1/2) hour of overtime.

B. Employees required to work more than two (2) hours after the end of the shift shall be allowed at least one-half (1/2) hour meal period which shall be considered as time worked, and if it is impractical for the employees to leave the job, they shall be provided a lunch by the Employer. If not given the one-half (1/2) hour meal period, one half (1/2) hour at the applicable overtime rate shall be added to the hours worked.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

C. Employees required to work more than five (5) hours after the end of the regular shift shall be allowed at least one-half (1/2) hour meal period [sic] which shall be considered as time worked, and if it is impractical for the employees to leave the job, they shall be provided a lunch by the Employer. If not given the on-half [sic] (1/2) hour meal period, one-half (1/2) hour at the applicable overtime rate shall be added to the hours worked.

D. In the event that the Employer establishes a ten (10) hour day, the first lunch period shall be at mid-shift. Employees' lunch period may be staggered during the period of three and one-half (3 ½) to five (5) hours from the start of the shift to cover necessary work and a continuous nature.

E. In the event of a delay/missed meal as noted above, the applicable overtime rate shall apply.

The CBA varies from and provides more protection to Caliber's employees than state law – *i.e.*, automatic overtime payments for later scheduled lunches. Laukala Decl. at ¶ 3, Exs. A and B (Article 9). The CBA governed the terms and conditions of Plaintiffs' employment as a cement masons with Caliber.

## III. <u>AUTHORITY</u>

### A. <u>Legal Standard.</u>

A complaint should be dismissed when a plaintiff "fail[s] to state a claim upon which relief may be granted" under Rule 12(b)(6). This is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Landers v. Quality Communs., Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint grounded on state law claims is facially implausible if it is subject to the doctrine of complete preemption under federal law (where the preemptive effect is so complete that it displaces state law). *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (1993). The LMRA



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

is one federal law with such extraordinary preemptive force. *Id.* As discussed below, Section 301 of the LMRA is directly at issue in our current case.

B. Judicial Notice

In deciding a Rule 12(b)(6) motion, a court generally looks to the face of the complaint and documents attached thereto, but it may also adopt the doctrine of "incorporation by reference" to consider documents referenced in the complaint. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). Caliber requests that the Court take judicial notice of the CBA under Fed. R. Evid. 201. "Courts in this district and others 'regularly find CBAs to be the proper subject of judicial notice when determining pleading challenges based on LMRA preemption.'" *Eloph v. Hos Bros Constr. Inc.*, No. C25-2491-KKE, 2026 WL 2168041, at *5 (W.D. Wash. July 28, 2026) (quoting *Oswald v. MV Transp., Inc.*, No. 25-CV-03053-AMO, 2026 WL 25840, at *1 (N.D. Cal. Jan. 5, 2026)); *Bruce v. Sellen Constr. Co.*, No. 2:25-CV-00705-JHC, 2025 WL 2495034 (W.D. Wash. Aug. 29, 2025) (taking judicial notice of a CBA to rule on a motion for judgment on the pleadings based on LMRA preemption); *Ly Chhen v. Boeing Co.*, No. C18-779-MJP, 2018 WL 4103665, at *1 (W.D. Wash. Aug. 29, 2018) (noting that the court had taken judicial notice of the CBA in a case involving LMRA preemption).

A court must consider the artful pleading doctrine when federal preemption is at issue: "Because complete preemption often applies to complaints drawn to evade federal jurisdiction, [a] court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The artful pleading doctrine applies when considering a Rule 12(b)(6) motion. *Parrino* at 706. The fact that the Complaint does not invoke the CBA or Section 301 of the LMRA is not dispositive. It is the substance of the allegations that is important. Thus, to ensure that plaintiffs cannot evade preemption under federal law, "[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve the



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

issue of preemption." *Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 U.S. Dist. LEXIS 140760, at *2 n.1 (N.D. Cal. Sep. 27, 2012) (*citing Tan v. Univ. of Cal. S.F.*, No. C 06-04697 TEH, 2007 U.S. Dist. LEXIS 27417 (N.D. Cal. Mar. 28, 2007). Plaintiffs' claims are preempted by Section 301 of the LMRA so the Court should take judicial notice of the CBA.

C. Complete Preemption under Section 301 of the LMRA.

Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Although the express language Section 301 does not discuss preemption, the "Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Federal labor law preempts any state rule that purports to define the meaning and scope of a labor contract under the LMRA. *Id* at 1152. Section 301 has "such '**extraordinary preemptive power**' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis*, 913 F.3d at 1151 (emphasis added) (quoting *Metro. Life Ins. V. Taylor*, 481 U.S. 58, 65 (1987)). The *Curtis* court explained the compelling policy reasons for favoring preemption in the labor context, including deference to the collective bargaining process and their grievance/arbitration procedures governing disputes. *Id*. 913 F.2d at 1152. This "extraordinary preemptive power" applies to the current case.

The Ninth Circuit employs a two-part test to determine whether Section 301 of the LMRA preempts a state law claim. *Curtis* at 1152-1153. The first inquiry is whether the claim seeks to vindicate a right or duty created by the collective bargaining agreement. *Id*. If this is the case, then the inquiry ends there, and the claim is preempted by the LMRA. *Id*. If the right or duty was not



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

created by the collective bargaining agreement, then a court should examine whether the state law right is "substantially dependent" on an analysis of the collective bargaining agreement and whether the claim cannot be resolved by merely "looking to" versus "interpreting" the collective bargaining agreement. *Id*. The *Curtis* court held that Section 301 preempted the overtime wage claims under the California Labor Code because the right to overtime was specifically bargained for and contained in the relevant CBA. *Id*. at 1153-1154; *see also Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679 (9th Cir. 2020) (state overtime and rest/meal break claims preempted by Section 301 of the LMRA due to California Labor Code's overtime and commercial driver exceptions in favor of collective bargaining agreements). Plaintiffs' claims squarely meet the Ninth Circuit's test for complete preemption.

a. <u>Preemption Applies as Plaintiffs' Meal Break Rights Arise from the CBA.</u>

Plaintiffs' claims meet the first step of the test outlined in *Curtis,* as their meal breaks are rights founded directly by the CBA, *not* by state law. Washington law does outline meal break requirements under the Industrial Welfare Act (RCW 49.12 *et seq.*) and WAC 296-126-092. *However*, the same Industrial Welfare Act – under RCW 49.12.187 – expressly provides that collective bargaining agreements in the construction trades may supersede rights under the statute:

> This chapter shall not be construed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing concerning wages or standards or conditions of employment. However, **<u>rules adopted under this chapter regarding appropriate rest and meal periods as applied to employees in the construction trades may be superseded by a collective bargaining agreement negotiated under the national labor relations act, 29 U.S.C. Sec. 151 et seq.</u>**, if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods.

RCW 49.12.187(1) (emphasis added).

This is the so-called "construction industry exemption." The Washington Legislature has allowed employees in the construction trades (through their federally recognized representative –



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

i.e., the Union) to negotiate the terms of meal breaks (superseding state law).[1] These contractually negotiated meal break terms fall under the purview of Section 301 of the LMRA as they are rights and duties created by a collective bargaining agreement (as opposed to created by state law), thus meeting step one of the two-part preemption test and obviating the need to go to step two.

Caliber notes that an analysis under step two would also find for preemption as substantial interpretation of the CBA's meal break provisions is necessary because those provisions go beyond the default state rules. *See Troupe v. KLB Construction, Inc.*, No. C10-0599-JCC, 2010 U.S. Dist. LEXIS 154837 (W.D. Wash. July 7, 2010) (meal break claims dismissed under Rule 12(b)(6) as they were covered by collective bargaining agreement and preempted by Section 301 of the LMRA); *Stafford v. Key Mechanical Co.*, No. C21-5063-BHS-MLP, 2021 U.S. Dist. LEXIS 103747 (W.D. Wash. Apr. 27, 2021) (class action rest and meal break based claims preempted by Section 301 of the LMRA under collective bargaining agreement that fell under the construction industry exception in RCW 49.12.187); *Bruce v. Sellen Construction Co.*, No. 2:25-cv-00705-JHC, 2025 U.S. Dist. LEXIS 169199 (W.D. Wash. Aug. 29, 2025) (granting Rule 12(c) motion to dismiss class action claims based on rest and meal breaks as LMRA Section 301 preemption applied).

Like the plaintiff in *KLB Construction, Key Mechanical* and *Sellen Construction*, Plaintiffs allege they were in a construction trade (as cement mason workers) in the Complaint, and thus they were bound by the terms of the CBA negotiated between the Union and Caliber. The CBA expressly included terms and conditions for meal breaks. *See* Article 9. These terms and conditions fall under the construction industry exception under RCW 49.12.187 so any dispute regarding meal breaks must be governed exclusively by the contractual terms of the CBA. Plaintiffs' claims are preempted by Section 301 of the LMRA. Plaintiffs cannot bring any state law claims; they can only bring federal claims based on Section 301 of the LMRA.

---

[1] Washington House Bill Report, 2003 Reg. Sess. S.B. 5995. See https://lawfilesext.leg.wa.gov/biennium/2003-04/Pdf/Bill%20Reports/House/5995-S.HBR.pdf



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

b. <u>Section 301 Preemption Requires Dismissal of the State Law Claims.</u>

Plaintiffs' state law claims should be dismissed with prejudice because they are preempted under Section 301 of the LMRA. Such a dismissal is appropriate because these state law claims are not legally cognizable. The Western District has repeatedly dismissed similarly preempted claims. *See KLB Construction*, No. C10-0599-JCC, 2010 U.S. Dist. LEXIS 154837, at *7-8; *Key Mechanical*, No. C21-5063-BHS-MLP, 2021 U.S. Dist. LEXIS 103747 at *22-23; *Sellen Construction*, No. 2:25-cv-00705-JHC, U.S. Dist. LEXIS 169199, at *8; *see also Eloph v. Hos Bros. Constr. Inc.,* No. C25-2491, 2026 U.S. Dist. LEXIS 167658 (W.D. Wash. July 28, 2026); *Vesikuru v. Lease Crutcher Lewis WA, LLC*, No. 3:25-cv-06145-TMC, 2026 U.S. Dist. LEXIS 186628 (W.D. Wash. Aug. 19, 2026). Plaintiffs have alleged a total of six claims for relief. Amended Complaint ¶¶ 8.1 – 13.7. Claim number (3) Failure to Provide Meal Periods under RCW 49.12.020 and WAC 296-126-092 is preempted by Section 301 of the LMRA as it explicitly asserts meal break claims.

Plaintiffs' other claims under state law (1) Payment of Wages Less than Entitled (RCW 49.46 et seq.); (4) Failure to Pay Overtime Wages (RCW 49.46.130); and (5) Willful Refusal to Pay Wages (RCW 49.52.050) are preempted to the extent they are *derived* from alleged meal break violations. State law claims derived from preempted rest and meal break claims are similarly preempted by Section 301 of the LMRA. *Sellen Construction*, U.S. Dist. LEXIS 169199, at *10-11 (claims for minimum wage violations, unpaid overtime, and other unpaid wage claims preempted under Section 301 because they derived from employer's failure to provide rest and meal breaks); *Eloph*, 2026 U.S. Dist. LEXIS 167658, at * 16-17 (dismissal of wage claims appropriate if derived from preempted rest and meal break claims); *Vesikuru*, 2026 U.S. Dist. LEXIS 186628, * at 11-12 (wage claims derived from preempted rest and meal break allegations dismissed); *Marquez*, 804 F. App'x 679, 679, n. 1 (failure to pay timely wages, failure to pay wages at termination, failure to keep accurate payroll records, and unfair competition claims were derivative of overtime and rest/meal break claim and preempted under Section 301 of the LMRA).



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Like in *Sellen Construction*, *Eloph*, and *Vesikuru* the Court should infer that any alleged minimum wage or overtime violations under RCW 49.46 *et seq*., or willful non-payment of wages under RCW 49.52.050 that derive from missed meal breaks are similarly preempted and should be dismissed.

c. <u>Plaintiffs' Failure to Exhaust the Grievance Process Should Move the Court to Dismiss All Meal Break-Related Claims with Prejudice.</u>

RCW 49.12.187's construction industry exception establishes that Section 301 of the LMRA preempts Plaintiffs' state law claims for unpaid wages based on meal breaks. In short, federal law controls with construction contractors and the terms of the CBA govern any dispute raised by Plaintiffs derived from their meal breaks. Plaintiffs can only assert claims under Section 301 of the LMRA. However, this requires Plaintiffs to follow the CBA's mandatory grievance procedures as courts dismiss complaints with prejudice when plaintiffs fail to exhaust mandatory grievance procedures under a collective bargaining agreement. *Sellen Construction*, U.S. Dist. LEXIS 169199, at *15; *KLB Construction*, 2010 U.S. Dist. LEXIS 154837, at *8 (Rule 12(b)(6) dismissal appropriate where the plaintiff failed to exhaust the contractual grievance procedure); *Marquez*, 804 F. App'x 679, 680 (LMRA claim properly dismissed due to failure to plead filing of a grievance pursuant to collective bargaining agreement).

Here, Plaintiffs' CBA outlined a four-step mandatory grievance process, including settlement via authorized representatives, resolution via the Board of Conciliation, mediation, and finally, arbitration. Laukala Decl. ¶ 3, Exs. A and B, Article 4. Any dispute arising from the CBA must go through the grievance process, as opposed to direct litigation through the courts. Plaintiffs have not alleged any attempt to engage in the grievance process or other failure on the part of the Union to advocate for his claims. Combined with the absence of any allegations of misconduct by the Union, Plaintiffs' failure to exhaust the grievance process should move the Court to dismiss these claims with prejudice pursuant to Section 301 of the LMRA. *See KLB Construction*, 2010 U.S. Dist. LEXIS 154837, at *10 ("Because Plaintiff has failed to either exhaust the contractual grievance procedures or sufficiently plead a hybrid Section 301/fair representation claim, his claim



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

regarding missed meal breaks must be dismissed under Rule 12(b)(6)."); *see also Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036-37 (9th Cir. 2016) (plaintiff could not sustain Section 301 LMRA claim because she did not exhaust grievance procedures or allege breach of duty of fair representation by the union). Dismissal of these claims is appropriate as Plaintiffs cannot assert a claim under Section 301 of the LMRA – they must go through the grievance process.

D. Plaintiffs Fail to State a Claim under WAC 296-62-09547.

In their second claim for relief, Plaintiffs assert violations of WAC 296-62-09547 for Caliber's alleged failure to comply with regulations governing high heat procedures. However, there is no private right of action based on WAC 296-62-09547. The statutory authority for WAC 296-62-09547 arises from WISHA, RCW 49.17 et seq. Under WISHA, the statute does not grant a private right of action for direct violations of safety regulations laid out under the statute. Rather, WISHA delegates authority for enforcement and remedies to the Washington Department of Labor and Industries. *See J.E. Dunn Nw., Inc. v. Dep't of Labor & Indus.*, 139 Wn. App. 35, 44 (2007) (the Department is charged with the authority to promulgate regulations under WISHA and impose citations and penalties for violations).

Under RCW 49.17.160, WISHA does allow private suits, but only for retaliation claims – and this right to sue only arises *after* first pursuing administrative remedies. *See Dannan v. City of Yakima*, No. 1:24-CV-03111-MKD, 2025 U.S. Dist. LEXIS 156909, at *16 (E.D. Wash. Aug. 12, 2025) (dismissal of WISHA retaliation claim appropriate because Plaintiff did not follow L&I administrative complaint process outlined in the statute). Plaintiffs have not pleaded pursuing administrative remedies. They cannot sustain a claim based on WAC 296-62-09547. The Court should dismiss this claim and all wage claims derived from any purported violation of WAC 296-62-09547.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

## IV. CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted with respect to claims based on meal breaks and WAC 296-62-09547. Plaintiffs' meal break claims are preempted by Section 301 of the LMRA. Dismissal is appropriate as Plaintiffs should have pursued the grievance process outlined in the CBA. There is no private right of action for violations of WISHA's high heat procedures. For the foregoing reasons, Defendant Caliber requests the Court dismiss these claims.

Dated: Monday, November 2, 2026

Respectfully submitted,

SEBRIS BUSTO JAMES

*s/Darren A. Feider*
Darren A. Feider, WSBA #22430
dfeider@sbj.law

*s/Han Lee*
Han Lee, WSBA #39576
hlee@sbj.law

15375 SE 30th Place, Suite 310
Bellevue, Washington 98007
(425) 454-4233

*Attorneys for Defendant*

I certify that this memorandum contains 4,236 words in compliance with the Local Civil Rules.